RECEIVED
IN LAKE CHARLES, LA
JUN 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| CARL STEVEN BERRIER<br>FED. REG. #75898-004 | CIVIL ACTION NO. 09-0819<br>SECTION P |
| VS. | JUDGE MINALDI |
| WARDEN JOE YOUNG | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Carl Steven Berrier filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on May 20, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO). He attacks his confinement as unlawful and apparently seeks immediate release from custody. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

On March 12, 2007, petitioner pled guilty to persuading, inducing, enticing, or coercing a person under 18 years of age to engage in sexual activity (18 U.S.C. § 2422(b)) and transmission of child pornography (18 U.S.C. § 2252(a)(2)(A)) in the United States District Court for the Southern District of Florida. On May 24, 2007, United States District Judge Donald L. Graham sentenced him to serve concurrent sentences of 120 and 78 months. Petitioner did not appeal; nor has he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. *United States of America v. Carl Steven Berrier*, No. 2:07-cr-14005.

1

Instead, on May 20, 2009, petitioner filed the instant petition for writ of *habeas corpus* in this court. In the petition, he claims that he is unlawfully incarcerated on a void judgment in violation of the Constitution, laws, and treaties of the United States, and he demands his immediate release. He claims that the United States District Court lacked jurisdiction; that the presiding judge was not "an Article III" judge; that he is "actually and factually innocent of having committed any criminal act in violation of the Constitution or the mandates of the Constitution of the United States of America, or which are within the Legislative grant of authority vested in the United States Attorneys to bring indictment and to prosecute"; and that his attorney's failure to present these issues amounted to ineffective assistance of counsel.

## *Law and Analysis*

Petitioner seeks relief pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner collaterally attacks his convictions arguing actual innocence, various jurisdictional defects, and ineffective assistance of counsel. Thus, petitioner's claims are more appropriately raised in a § 2255 Motion to Vacate and not a petition for *habeas corpus* pursuant to § 2241.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy § 2255's "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict

may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive or timeliness requirements does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, this 16th day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4